[Doc. No. 30]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MILDRED SUAREZ,<br><br>              Plaintiff,<br>   v.<br><br>LEMUEL JOHNSON,<br><br>              Defendant. | Civil No. 16-2509 (KMW)<br><br>**MEMORANDUM OPINION** |

Dominic A. Speziali, Esq.
Quinn Law Group, LLC, Philadelphia, PA, for Plaintiff

Darren C. Kayal, Esq.
Rudolph & Kayal, Manasquan, NJ for Defendant

WILLIAMS, Magistrate Judge

   Before the Court is Plaintiff's Motion seeking partial summary judgment as to liability. Defendant opposes this Motion. The Court has reviewed the submissions and held oral argument on January 26, 2018. For the reasons set forth more fully on the record during the January 26, 2018 oral argument, Plaintiff's Motion is granted.

1. It is undisputed that on May 19, 2015, Plaintiff Mildred Suarez was headed to work in a minivan driven by her co-worker Placido Mario De Oleo on Route 130 in New Jersey. The minivan was

rear-ended by a car driven by Defendant.  Defendant was in the middle lane of Route 130 for not "more than five or six seconds" when he began to merge into the left lane and then collided with the minivan that had already been in the left lane when he merged. Defendant testified that as he pulled into the left lane he observed a stopped minivan, and he applied his brakes but was unable to successfully stop before impact.[1]

2. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). "A fact is 'material' under Rule 56 if its existence or nonexistence might impact the outcome of the suit under the applicable substantive law."  *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015)(citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  Moreover, "[a] dispute over a material fact is 'genuine' if 'a reasonable jury could return a verdict for the nonmoving party.'"  *Id.* (quoting *Anderson*, 477 U.S. at 249).  The moving party bears the burden of identifying portions of the record that establish the absence of a genuine issue of material fact.

---

[1] Defendant sought to rely upon the deposition transcript of Edilio Moncion from a lawsuit filed in New Jersey state court in opposition to the summary judgment motion.  However, the Court does not consider the aforementioned testimony because same was never disclosed to Plaintiff and Defendant conceded that he could not meet the standard to rely upon same for purposes of the summary judgment motion.

*Id.* (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986)). The burden then "shifts to the nonmoving party to go beyond the pleadings and 'come forward with 'specific facts showing that there is a *genuine issue for trial.*''" *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). Finally, all evidence shall be construed, and all reasonable inferences drawn, in the light most favorable to the nonmoving party. *Id.*

3. During the January 26th oral argument, this Court found that Defendant failed to maintain a reasonably safe distance from the minivan and his failure to do so caused the collision. The Court relied upon the case *Buzby v. Momjian*, 2015 WL 1510455, at *1 (D.N.J. April 1, 2015)(Simandle). In *Buzby*, defendant was driving behind plaintiff when plaintiff approached an intersection, slowed down, and signaled a left turn. *Id.* Defendant did not see the blinker, nor did defendant observe that plaintiff slowed down, thus, defendant made impact with plaintiff's car. *Id.* After the accident, the police officer noted defendant's inattentiveness. *Id.* Judge Simandle noted that New Jersey courts have consistently concluded that "a following car in the same lane of traffic is obligated to maintain a reasonably safe distance behind a car ahead [and the failure] to do so resulting in a collision, is negligence, and a jury should be so instructed." *Id.* (citing Jones v. Bennett,

306 N.J. Super. 476 (N.J. Super. Ct. App. Div. 1998)). Judge Simandle found that defendant admitted that plaintiff's vehicle was stopped when he hit the back of her car while driving closely behind her. *Id.* Moreover, the court found that even if plaintiff came to a sudden or unexpected stop, defendant had a duty to maintain a safe following distance to avoid a collision. *Id.* Therefore, Judge Simandle found that the record confirms that defendant failed to maintain a safe following distance and the failure resulted in the accident. *Id.* Thus, Judge Simandle granted plaintiff's summary judgment motion on the issue of defendant's liability. *Id.*

4. Similarly here, Defendant admits that he was changing lanes, the minivan had come to a stop and he could not stop in time, thus, he collided with the back of the vehicle. While Defendant contends that he noticed a passenger (or someone) waving to the other side of the lane, like pointing to cross over, this is immaterial to the ultimate issue of whether he maintained a reasonably safe distance as required by New Jersey law. Thus, summary judgment on the issue of Defendant's liability is granted.

An accompanying Order will be entered.

Date: January 29, 2018      s/ Karen M. Williams
                            KAREN M. WILLIAMS
                            UNITED STATES MAGISTRATE JUDGE